JL

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ji Chu Chen, | No. CV-26-02849-PHX-SMB (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| Luis Rosa, Jr., et al., | |
| Respondents. | |

Petitioner brings a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) challenging his immigration detention.

Petitioner is a native and citizen of China who entered the United States in 2009 to seek asylum. (*Id.* ¶ 3.) On February 15, 2011, Petitioner was granted asylum, and he later became a legal permanent resident. (*Id.*) On July 20, 2022, Petitioner was convicted of various state crimes. (*Id.*) Petitioner subsequently left the United States, and when he attempted to re-enter the United States on September 5, 2025, he was detained and placed into removal proceedings. (*Id.*) The Notice to Appear indicates Petitioner is an arriving alien and charges him as subject to removal because he has been convicted of two or more offenses for which the aggregate sentences to confinement were five years or more. (Doc. 1-1 at 2.)

On September 24, 2025, Petitioner requested discretionary release, which was denied. (*Id.*) Petitioner also applied for asylum in the Ninth Circuit Court of Appeals, and his application remains pending. (*Id.*) Petitioner contends his liberty interest mandates his

immediate release from custody or a custody redetermination hearing. (*Id.* at 7.)

An alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Lopez v. Noem*, CV-26-00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026). Petitioner acknowledges he is not eligible for bond because he is designated as an arriving alien on his Notice to Appear and is therefore subject to mandatory detention. (*Id.* ¶ 12.) His mandatory detention during his removal proceedings, which has not surpassed eight months, is not unreasonably prolonged. Petitioner is not entitled to a bond hearing under the Due Process Clause. The Petition will therefore be dismissed without prejudice.

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **denied**. The Clerk of Court must enter judgment accordingly and close this case.

Dated this 27th day of April, 2026.

Honorable Susan M. Brnovich
United States District Judge